IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LISA L. ROGERS,<br><br>　　Plaintiff,<br><br><br><br>vs.<br><br><br><br>DONNA JONES MORRIS; STATE OF UTAH DEPARTMENT OF COMMUNITY AND CULTURE; and STATE OF UTAH DEPARTMENT OF HUMAN RESOURCES MANAGEMENT,<br><br>　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS<br><br><br><br><br><br>Case No. 2:11-CV-134 TS |

　　This matter is before the Court on Defendants the Utah Department of Community and Culture ["the DCC"] and the Utah Department of Human Resource Management's Motion to Dismiss Plaintiff's Amended Complaint and Defendant Donna Jones Morris's Motion to Dismiss Plaintiff's Amended Complaint.

I.  BACKGROUND

　　Until 2008, Plaintiff Lisa L. Rogers worked for the Utah State Library, a division of the DCC.  Ms. Rogers worked there as an executive assistant for Defendant Donna Jones Morris, State Librarian.  Ms. Rogers alleges that while she was employed, Defendants "created,

1

maintained and failed to correct a known hostile work-environment, disparate treatment, retaliation and harassment." Based on these issues, in early 2006, Ms. Rogers had a series of formal meetings with Ms. Morris and a representative from the DCC. Ms. Rogers attempted to have a follow up meeting with the director of the DCC but was unsuccessful. In September 2006, Ms. Rogers filed a grievance with the Utah State Career Service Review Board. Ultimately, Ms. Rogers's concerns were not resolved, and in February of 2008 she reluctantly resigned from her position.

On July 2, 2008, Ms. Rogers filed a Charge of Discrimination with the Utah Anti-Discrimination & Labor Division and the EEOC alleging various forms of discrimination. On November 2, 2010, the EEOC sent a letter to Ms. Rogers informing her that her file was being closed and that if she wished to sue she was required to file a complaint within ninety days. Ms. Rogers filed an Amended Complaint on December 5, 2011, alleging violations under Title VII of the Civil Rights Act of 1964 against all Defendants.

Ms. Rogers has alleged the following as bases for her Title VII claims: (1) that she "is a black woman"; (2) that she was subjected to a hostile work environment, retaliation and harassment because she complained to her employer; (3) that she was subjected to differential treatment in that she was required to "report into work," which was "not the policy of the State of Utah or required by any other employee"; (4) that she was required to surrender her computer passwords; (5) that she was subjected to the following "degrading job duties": cleaning out Defendant Ms. Morris's keyboard, fixing Ms. Morris's blinds, clearing snow from vehicles, ensuring vehicles were warm in the winter and cold in the summer by means of air conditioning

or heat, watering Ms. Morris's plants, and putting staples in Ms. Morris's stapler; (6) that she was demeaned by Ms. Morris in the presence of other employees; and (7) that she was subjected to racial remarks made by other Utah State Library employees.

On January 18, 2012, Defendants moved to dismiss Plaintiff's Amended Complaint. Plaintiff has not responded.

## II.  DISCUSSION

"In states in which a state agency has authority to investigate employment discrimination ("deferral states"), Title VII requires claimants to file a charge of discrimination within 300 days of the alleged unlawful employment practice.  Utah is a deferral state."[1]

Here Plaintiff's Charge of Discrimination alleged retaliation, harassment, disparate treatment based on race, national origin, and age, and hostile work environment.

Every instance of retaliation and/or disparate treatment is an independent "unlawful employment practice."[2]  For each instance alleged, Plaintiff must therefore show that it occurred and was identified in the charge within the 300 day period.[3]

---

[1] *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1183 n.1 (10th Cir. 2003).

[2] *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) ("Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.' Morgan can only file a charge to cover discrete acts that occurred within the appropriate time period.")

[3] *Id.* (2002) ("Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the . . . 300 day time period after the discrete discriminatory act occurred.")

Plaintiff's charge was filed with the EEOC on July 8, 2008. Any incident on which a claim could be predicated must therefore have occurred on or after September 12, 2007. Though Plaintiff has made a list of behavior that purportedly equates to Title VII violations, she has failed to allege that any discrete occurrence of disparate treatment, harassment, or retaliation took place on or after September 12, 2007. Accordingly, Plaintiff's civil suit is time barred as to the retaliation, harassment, and disparate treatment claims.[4]

The Supreme Court has recognized that a hostile work environment claim differs from a "discrete action" claim because the unlawful employment practice does not occur on a single day.[5] However, the complainant is still required to file a charge within 300 days of at least one act that makes up a part of the hostile work environment.[6] Plaintiff has failed to identify any specific act that occurred on or after September 12, 2007, that contributed to the hostile work environment. The hostile work environment claim is therefore time barred.

### III. CONCLUSION

In light of the foregoing, it is therefore

ORDERED that the Agency Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 28) is GRANTED. It is further

---

[4]*Davidson*, 337 F.3d at 1183 ("The filing [of an administrative claim within 300 days of the discriminatory event] is a prerequisite to a civil suit under Title VII and a claim is time-barred if it is not filed within these time limits.").

[5]*Morgan*, 536 U.S. at 115.

[6]*Id.* at 118 ("In order for the charge to be timely, the employee need only file a charge within . . . 300 days of any act that is part of the hostile work environment.").

ORDERED that Donna Jones Morris' Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 30) is GRANTED.  The Clerk of the Court is directed to close this case forthwith.

DATED   May 17, 2012.

> BY THE COURT:
>
> _____
> TED STEWART
> United States District Judge